IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, | ) ) ) | Case No. 3:17-cv-159 |
| Plaintiff, | ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| YOUSEF AKANAN and HATEM AKANAN, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Wells Fargo Bank, National Association's ("Wells Fargo") "Motion for Entry of Judgment of Attorneys' Fees and Costs" (ECF No. 87).  Defendant Yousef Akanan ("Yousef") submitted a letter to the Court in response to Wells Fargo's Motion. (ECF No. 89).  Hatem Akanan ("Hatem," and collectively with Yousef the "Defendants"), has not filed a response to Wells Fargo's motion. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Wells Fargo's Motion.

## I.      Background[1]

Wells Fargo initiated this action against the Defendants on August 30, 2017.  (ECF No. 1). Initially, Wells Fargo brought two claims:   (1) breach of presentment warranties under Pennsylvania law against Hatem (Count I), and (2) unjust enrichment against Yousef (Count II).

---

[1] A detailed description of the factual background of this case can be found in the Court's Memorandum Opinion and Order Granting Wells Fargo's Motion for Summary Judgment Against Yousef Akanan.  (ECF No. 84).

(*Id.* at 4-6).  Wells Fargo filed a motion for summary judgment against Hatem[2] on July 23, 2018.  (ECF No. 25).  Hatem did not file a response to Wells Fargo's motion.  On September 12, 2018, the Court granted Wells Fargo's motion for summary judgment (ECF No. 27), and, pursuant to Federal Rule of Civil Procedure 58, the Court entered judgment in favor of Wells Fargo and against Hatem.[3]  (ECF No. 28).  Wells Fargo subsequently sought and received writs of execution against Hatem.  (ECF Nos. 30, 32).  Hatem filed a notice of appeal on December 17, 2018 (ECF No. 34), which was dismissed on January 14, 2019, for failure to prosecute due to failure to pay the requisite fees.  (ECF No. 38).

On March 25, 2020, Wells Fargo moved to reopen the case to reissue the Summons and Complaint to Yousef because Wells Fargo had "obtained credible information regarding Yousef's current address."  (ECF No. 39 at 5).  The Court granted the motion, reinstated the Complaint with respect to the claim against Yousef, and directed the reissuance of the summons directed toward Yousef.  (ECF No. 40).  Service was effectuated on Yousef on June 30, 2020 (ECF No. 45), and Yousef participated in the case once he was served. (ECF No. 71-5 ¶ 15).

On October 27, 2020, Wells Fargo filed a Motion for Leave to Amend the Complaint, together with a proposed Amended Complaint ("First Amended Complaint"), to add a fraudulent transfer claim (Count III) against Yousef based on the admissions he made during his deposition.  (ECF No. 61).  On October 28, 2020, the Court granted Wells Fargo's Motion for Leave to Amend.  (ECF No. 62).  On December 8, 2020, Yousef filed a letter addressed to the Court, which

---

[2] At that time, Wells Fargo was unable to locate Yousef and, therefore, unable to serve him with the Summons and Complaint.  (ECF No. 39 at ¶¶ 24–25) (describing attempts to locate and serve Yousef).

[3] Due to a clerical mistake, the Court's order erroneously entered a final judgment against both Yousef and Hatem.  (ECF No. 27).  The Court corrected this error in a later order and issued an amended judgment. (ECF Nos. 55, 56)

the Court construed as an Answer to the First Amended Complaint.  (ECF No. 67 at 2).  On February 2, 2021, Wells Fargo filed a motion for summary judgment against Yousef.  (ECF No. 71).  On March 5, 2021, Yousef filed a one-page letter addressed to the Court responding to the motion for summary judgment.  (ECF No. 76).  On June 15, 2021, the Court granted Wells Fargo's motion for summary judgment against Yousef. (ECF No. 84).  Wells Fargo subsequently moved for entry of judgment against Yousef (ECF No. 85), which the Court granted on June 23, 2021. (ECF No. 86).

On June 30, 2021, Wells Fargo filed the instant motion for entry of judgment of attorneys' fees and costs against the Defendants. (ECF No. 87).  On July 13, 2021, Yousef filed a letter addressed to the Court, which the Court construes as a response in opposition to Wells Fargo's motion. (ECF No. 89).  On July 21, 2021, Wells Fargo replied to Yousef's letter. (ECF No. 90). Yousef then filed an additional letter addressed to the Court. (ECF No. 91).  To date, Hatem has not responded to Wells Fargo's motion.

## II.    Legal Standard

With respect to awarding attorneys' fees, the Court applies state rules when sitting in diversity. *Security Mutual Life Insurance Company of New York v. Contemporary Real Estate Associates*, 979 F.2d 329, 331-332 (3d Cir. 1992) (citing *Montgomery Ward & Co. v. Pacific Indemnification Company*, 557 F.2d 51, 56 (3d Cir. 1977)). "[U]nder the American Rule, applicable in Pennsylvania, a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception." *Langenberg v. Warren General Hospital*, 2013 WL 6147576, *12 (W.D. Pa. November 22, 2013) (quoting *Sayler v. Skutches*, 40 A.3d 135, 140 (Pa. Super. Ct. 2012). *See also Pods Enterprises, LLC v. Almatis, Inc.*, 2016

WL 7440276, *3 (W.D. Pa. December 27, 2016). One such established exception, which is "rooted in the inherent equity powers of the courts" consists of the power to assess attorneys' fees "when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Walther and Cie v. U.S. Fidelity & Guaranty Co.*, 397 F. Supp. 937, 946 (M.D. Pa. 1975) (citing *Lichtenstein v. Lichtenstein*, 481 F.2d 682, 684 (3d Cir. 1973)). *See also Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 269 (1975); *Vaughan v. Atkinson*, 369 U.S. 527, 530 (1962).

When awarding costs, the Federal Rules of Civil Procedure provide that, "unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This means that Rule 54(d) "creates the 'strong presumption' that costs are to be awarded to the prevailing party." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462, 468 (3d Cir. 2000). *See also, Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981). "Given this general rule, [the Third Circuit] has held that 'a district court may not deny costs to the prevailing party unless it supports that determination with an explanation.'" *Institutionalized Juveniles v. Secretary of Public Welfare*, 758 F.2d 897, 926 (3d Cir. 1985) (quoting *Samuel v. University of Pittsburgh*, 538 F.2d 991, 999 (3d Cir.1976)). "Moreover, the losing party bears the burden of making the showing that an award is inequitable under the circumstances." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462-463.

## III.   Discussion

### a.   The Parties' Arguments

Wells Fargo contends that it is entitled to an entry of judgment of attorneys' fees and costs against the Defendants because the Defendants operated in bad faith when defending against Wells Fargo's suit. (ECF No. 87 at 7). Wells Fargo argues that the Defendants operated in bad

faith because (i) the Defendants forced Wells Fargo to "effectively bring two separate and duplicate suits" to recover the money lost in the Defendants' fraudulent scheme, and (ii) the Defendants defended against the suit without "substantial fact or legal support." (*Id.*).

Wells Fargo further contends that, should the Court find that the Defendants operated in bad faith and that the Defendants' bad faith is grounds for awarding attorneys' fees and costs to Wells Fargo, the Court should award Wells Fargo the full value of their attorneys' fees and costs— $127,160.54. (*Id.* at 1, 7-9). Wells Fargo argues it should be awarded the full value of its attorneys' fees and costs because the number of hours worked by its attorneys are reasonable, the hourly rates charged by its attorneys are reasonable, and the costs incurred from litigating this case are reasonable. (*Id.* at 7-9).

Hatem has not responded to Wells Fargo's motion. Yousef, on the other hand, contends that he has not operated in bad faith when defending himself in this suit. (ECF No. 89 at 1). Yousef argues he has not been operating in bad faith because he has been "acting in good faith and responding to all court procedures at all times since [he] received the first summons." (*Id.*). Yousef further contends that the alleged value of Wells Fargo's costs and attorneys' fees are unreasonable. (*Id.*). Yousef asserts that the costs and attorneys' fees being alleged by Wells Fargo are unreasonable because he believes $127,000 worth of costs and fees are too much when he spent no more than 18 hours with Wells Fargo's attorneys between emails, mediation, and two calls with the Court. (*Id.*).

### b. Wells Fargo is Not Entitled to Attorneys' Fees

The Court has diversity jurisdiction over this case.  28 U.S.C. § 1332.[4]  Sitting in diversity, the Court applies Pennsylvania rules. *Security Mutual Life Insurance Company of New York v. Contemporary Real Estate Associates*, 979 F.2d 329, 331-332 (3d Cir. 1992) (citing *Montgomery Ward & Co. v. Pacific Indemnification Company*, 557 F.2d 51, 56 (3d Cir. 1977)).  Pennsylvania is an American Rule state, meaning a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception." *Langenberg v. Warren General Hospital*, 2013 WL 6147576, *12 (W.D. Pa. November 22, 2013) (quoting *Sayler v. Skutches*, 40 A.3d 135, 140 (Pa. Super. Ct. 2012).

Neither party has asserted the existence of a clear agreement with respect to attorneys' fees.  Therefore, the Court will analyze each Count for which the Court granted summary judgment in favor of Wells Fargo to determine whether an express statutory authorization or other exception justifies an award of attorneys' fees to Wells Fargo.

### i.   Count I - Breach of Presentment Warranties Against Hatem, 13 Pa. C.S.A. § 3417

In relevant part, § 3417(b) provides that, "the drawee is entitled to compensation for expenses and loss of interest resulting from the breach." 13 Pa. C.S.A. § 3417(b).  Further, Uniform Commercial Code Comment 5 to § 3417(b) states that, "[t]here is no express provision for attorney's fees, but attorney's fees are not meant to be necessarily excluded. They could be granted because they fit within the language 'expenses…resulting from the breach.'" 13 Pa. C.S.A. § 3417(b), cmt. n.5.  In interpreting Comment 5 to § 3417(b), the Superior Court of Pennsylvania has

---

[4] Wells Fargo is a citizen of South Dakota, *see Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that "a national bank is a citizen of the State in which its main office . . . is located" for purposes of diversity jurisdiction),  Yousef is a citizen of Texas, and Hatem is a citizen of Pennsylvania.  (ECF No. 63 at 1)  There is complete diversity among the parties and the amount in controversy exceeds $75,000.  (*Id.* at 2, 5).

found, "that the language of the comment indicates a clear intention that the award of attorneys'

fees be discretionary with the trial court." *Pavex, Inc. v. York Federal Savings and Loan Association*,

716  A.2d 640, 647 (Pa. Super. Ct. 1998).

Wells Fargo argues it should be awarded attorneys' fees with respect to its claim against

Hatem because he operated in bad faith. (ECF No. 87).  Specifically, Wells Fargo alleges Hatem

operated in bad faith because he "forced" Wells Fargo to draft and file a complaint against him,

serve the complaint, depose him, participate in settlement conference/mediation, file motions for

summary judgment, and contend with a "frivolous appeal," all while complying with the

requirements of the Court. (*Id.* at 2).  As an initial matter, the Court notes that prosecuting one's

case through the normal course of litigation is not evidence of bad faith on the part of any litigant.

Indeed, Wells Fargo has produced no record evidence of bad faith on the part of Hatem— other

than the fact that Wells Fargo was required to prosecute its case against Hatem from its initial

complaint to his final appeal. (ECF No. 87).  The Court declines to ascribe bad faith on the part of

Hatem, and thereby open him to liability under an exception to the American Rule,  without

further evidence that he acted in "bad faith, vexatiously, wantonly, or for oppressive reasons."

*Walther and Cie v. U.S. Fidelity & Guaranty Co.*, 397 F. Supp. 937, 946 (M.D. Pa. 1975). With the

decision to award attorneys' fees squarely within the discretion of the Court, the Court declines

to award Wells Fargo attorneys' fees from Hatem. Wells Fargo's motion for attorneys' fees with

respect to its breach of presentment warranties claim against Hatem is denied.

### ii.   Count II - Unjust Enrichment Against Yousef

Unjust enrichment is essentially an equitable doctrine. *Styer v. Hugo*, 619 A.2d 347, 350 (Pa.

Super. Ct. 1993).  Indeed:

> Where unjust enrichment is found, the law implies a contract between the parties pursuant to which the plaintiff must be compensated for the benefits unjustly received by the defendant. This contract, referred to as either a quasi-contract or a contract implied in law, requires that the defendant pay the plaintiff the value of the benefits conferred, i.e. that the defendant make restitution to the plaintiff in quantum meruit.

*Id.* Given that a claim for unjust enrichment is an "equitable doctrine," there is no express statutory authorization for an award of attorneys' fees against Yousef.

The Court next evaluates whether Wells Fargo should be awarded attorneys' fees under some other established exception. *Langenberg v. Warren General Hospital*, 2013 WL 6147576, *12 (W.D. Pa. November 22, 2013). Wells Fargo argues it should be awarded attorneys' fees under a bad faith exception to the American Rule because Yousef operated in bad faith when defending himself at suit. (ECF No. 87). Wells Fargo alleges Yousef operated in bad faith because he "actively evaded service for years."(*Id.* at 2). As evidence of Yousef "actively evading service," Wells Fargo has produced two exhibits: (i) an email chain between Wells Fargo's attorneys and ProActive Legal Solutions showing attempts to locate a "good" address for Yousef, and (ii) an affidavit of attempted service. (ECF No. 39 at ¶¶ 24–25, Exhibit A, Exhibit B).  In response, Yousef denies he was evading service and states he was living in Dallas the whole time. (ECF No. 89).  Further, Yousef maintains that once he received notice of the case, he has been acting in good faith in defending himself at suit. (*Id.*).

Here, neither exhibit produced by Wells Fargo sufficiently demonstrates that Yousef was actively avoiding service as it alleges.  The exhibits indicate that Wells Fargo was unable to locate Yousef, but they do not indicate that Yousef was actively avoiding service. (ECF No. 39 at ¶¶ 24–25, Exhibit A, Exhibit B).  Further, Wells Fargo has not produced sufficient record evidence that

would permit the Court to find that Yousef was actively evading service in bad faith as it alleges. Therefore, given the lack of evidence of Yousef's alleged bad faith actions, the Court finds that the bad faith exception to the American Rule is not applicable here.  Wells Fargo's motion for attorneys' fees with respect to its claim of unjust enrichment against Yousef is denied.

### iii. Count III - Fraudulent Transfer in Violation of the Pennsylvania Uniform Fraudulent Transfer Act (PUFTA) Against Yousef (12 P.S. §§ 5101, *et seq.*)

The remedies provided for in the PUFTA include:

> (1) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim.
> (2) An attachment or other provisional remedy against the asset transferred or other property of the transferee if available under applicable law.
> (3) Subject to applicable principles of equity and in accordance with applicable rules of civil procedure:
> > (i) an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;
> > (ii) appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or
> > (iii) any other relief the circumstances may require.

12 Pa.C.S.A. §5107(a).  In analyzing Section 5107(a)(3)(iii), the Third Circuit has predicted that, "based on the language, nature, and purposes of the PUFTA, as well as past case law, the Pennsylvania Supreme Court would conclude that punitive damages are available under the PUFTA." *Klein v. Weidner*, 729 F.3d 280, 286-96 (3d Cir. 2013). *See also George M. Axilbund Trust v. Forman*, 2021 WL 5370828, *3-5, (Super. Ct. Pa. November 18, 2021).  Given that punitive damages are not at issue in this case, the Third Circuit's finding that Section 5107(a)(3)(iii) provides for punitive damages is not relevant to Wells Fargo's arguments for awarding attorneys' fees. (ECF No. 87).  The Court finds that  there is no express statutory authorization for an award of attorneys' fees against Yousef under PUFTA.

Additionally, for the reasons stated in Section III(b)(ii), *supra*, the Court finds that the bad faith exception to the American Rule is not applicable here.  Wells Fargo has failed to demonstrate that Yousef's actions throughout the course of this litigation were, in fact, taken in bad faith as it alleges. The Court finds that Wells Fargo is not entitled to attorneys' fees with respect to its claim of fraudulent transfer in violation of PUFTA.

### c.  Wells Fargo is Entitled to Costs

Wells Fargo contends that it should be awarded $3,188.30 in costs to compensate it for "court fees, service of process expenses, subpoenas and deposition transcript expenses." (ECF No. 87-1 at ¶ 8).  The Third Circuit has held that Rule 54(d) "creates the 'strong presumption' that costs are to be awarded to the prevailing party." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462, 468 (3d Cir. 2000).  Further, the prevailing party may request costs for, "among other things, transcripts, printing and copying," and "are analyzed under the same reasonableness standard as attorneys' fees." *Norristown On-Site, Inc. v. Regional Industries, LLC,* 2021 WL 5711824, *12 (E.D. Pa.  December 2, 2021) (citing  *Loughner v. Univ. of Pittsburgh,* 260 F.3d 173, 181 (3d Cir. 2001)). Moreover, "the losing party bears the burden of making the showing that an award is inequitable under the circumstances." *In re Paoli R.R. Yard PCB Litig.,* 221 F.3d 449, 462-463.

Given the strong presumption of awarding costs to the prevailing party, the Court finds no reason to deny Wells Fargo's motion for costs.  Further, the Court finds that Wells Fargo has requested costs for appropriate expenses and finds that the costs requested by Wells Fargo are reasonable.  Lastly, the Court finds that the Defendants have not met their burden in showing that awarding costs to Wells Fargo would be inequitable under the circumstances.   The Court grants Wells Fargo's motion for costs in the amount of $3,188.30.

## IV.   Conclusion

For the foregoing reasons, Wells Fargo's Motion for Entry of Judgment of Attorney's Fees and Costs (ECF No. 87) is granted in part and denied in part.

An appropriate order follows.

| WELLS FARGO BANK, NATIONAL ASSOCIATION, | ) ) ) | Case No. 3:17-cv-159 |
|---|---|---|
| Plaintiff, | ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| YOUSEF AKANAN and HATEM AKANAN, | ) ) ) | |
| Defendants. | ) | |

## ORDER OF COURT

AND NOW, this _14th_ day of December, 2021, upon consideration of Plaintiff's Motion for Entry of Judgment on Attorneys' Fees and Costs (ECF No. 87), it is **HEREBY ORDERED** that the Motion is **GRANTED IN PART** and **DENIED IN PART**.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE